UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Dale R. Klein,

Debtor.
_____________________________________/

Bankruptcy No. 07-31042
Chapter 7

Patrice L. Klein,

Plaintiff,

vs.

Adversary No. 08-7007

Dale R. Klein,

Defendant.
_____________________________________/

**MEMORANDUM AND ORDER**

This case is before the court on Motion for Summary Judgment filed on May 8, 2008, by Debtor/Defendant Dale R. Klein. Plaintiff Patrice L. Klein filed Response to Motion for Summary Judgment and Cross-Motion for Summary Judgment on June 9, 2008.

By Complaint filed February 29, 2008, Plaintiff initiated this adversary proceeding seeking a determination that Debtor's obligation, stemming from a divorce decree in the amount of $39,036.00 plus accrued interest, against Debtor in favor of Plaintiff, is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and (15). Debtor filed an Answer on March 13, 2008, denying the allegations.

By the instant motion for summary judgment, Debtor seeks dismissal of this adversary proceeding, arguing that the property settlement judgment is dischargeable. Plaintiff argues that Debtor's motion for summary judgment should be denied.

## I. FACTUAL BACKGROUND

Plaintiff and Debtor were married on July 26, 1986. A state court entered Findings of Fact, Conclusions of Law and Order for Judgment and Judgment of Divorce in October 2006, ordering Debtor to pay Plaintiff $54,036.00 to equalize a disparity in the division of property between the parties. Specifically, the court ordered:

> Dale shall pay as a property settlement $15,000 to Patrice on or before October 5, 2006. Dale shall then pay the remaining property settlement amount in four equal installments beginning October 5, 2007 with an interest rate of 6% per annum on the balance.

The parties agree that Debtor made the first installment payment in the amount of $15,000 and that no payments were made thereafter.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr. P. 7056. Summary judgment is appropriate if, viewing all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Superpumper, Inc. v. Nerland Oil, Inc. (In re Nerland Oil, Inc.), 303 F.3d 911, 916 (8th Cir. 2002); Nelson v. Nelson, (In re Nelson), 255 B.R. 314, 316 (Bankr. D.N.D. 2000); see Fed. R. Civ. P. 56. Procedurally, the initial burden is on the moving party to establish the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Dennis v. Novotny (In re Novotny), 224 B.R. 917, 921 (Bankr. D.N.D. 1998). However, summary judgment will not be granted in the moving party's favor "unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" Simundson v. United Coastal Ins. Co., 951 F. Supp. 165, 166-67 (D.N.D. 1997) (quotation omitted).

### B. 11 U.S.C § 523(a)(5)

Debtor argues summary judgment is appropriate as to Plaintiff's claim under section 523(a)(5) because the debt at issue is a not a domestic support obligation. In her response and cross-motion, Plaintiff suggests that the debt may be in the nature of alimony, maintenance or support despite its characterization in the divorce judgment as a property settlement.

Section 523(a)(5) provides for the nondischargeability of domestic support obligations, and the Court concludes that the debt is therefore not rendered dischargeable under section 523(a)(5), and Debtor is entitled to judgment as a matter of law as to Plaintiff's section 523(a)(5) claim. Plaintiff concedes that the divorce judgment is described as a property settlement and that Debtor's obligation arises from the judgment in order to equalize the disparity in the division of property between the parties. Further, in addition to characterizing the debt as a property settlement, the state court determined that Plaintiff was not in need of support and that Debtor was not obligated to pay spousal support.

**C. 11 U.S.C § 523(a)(15)**

Debtor argues summary judgment is appropriate as to Plaintiff's claim under section 523(a)(15) because the section was not meant to include a property settlement judgment. In her response and cross-motion, Plaintiff argues that Debtor's motion for summary judgment should be denied because section 523(a)(15) excepts property settlement judgments from discharge. Plaintiff further requests that the Court grant summary judgment in her favor by finding that the property settlement is nondischargeable under section 523(a)(15).

Section 523(a)(15) provides for the nondischargeability of any debt:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. §523(a)(15). The effect of the amendment to section 523(a)(15) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 is to render nondischargeable any divorce-related debt set forth in a court order which is not alimony, maintenance, or support. Procter v. Tulloss (In re Procter), 2007 Bankr. LEXIS 1571 ¶4-5. (Bankr. N.D. Ga. Mar. 20, 2007). The court in In re Procter held that, while the debtor's debt to the spouse was not a domestic support obligation as contemplated by section 523(a)(5), it was a debt to a former spouse incurred by the debtor in connection with the divorce decree and, thus, fell within the category of debts described in section 523(a)(15). Id. at ¶5.

Based on the undisputed facts of this case, Debtor is not entitled to judgment as a matter of law as to Plaintiff's claim under section 523(a)(15).

Based on the foregoing, Debtor has established a right to summary judgment under section 523(a)(5). Debtor has not established a right to a judgment under section 523(a)(15). Debtor's motion for summary judgment filed on May 8, 2008, is GRANTED in part and DENIED in part. The Court will not rule on Plaintiff's cross-motion for summary judgment at this time in order to allow Debtor 30 days to respond pursuant to Local Rule 7056-1.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

Dated this 11th day of June, 2008.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**