UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Dale R. Klein,                                                            Bankruptcy No. 07-31042
                                                                          Chapter 7
           Debtor.
_____/

Patrice L. Klein,

           Plaintiff,

       vs.                                                             Adversary No.  08-7007

Dale R. Klein,

           Defendant.
_____/

**MEMORANDUM AND ORDER**

This case is before the court on Cross-Motion for Summary Judgment filed on June 9, 2008, by Plaintiff Patrice L. Klein. Debtor/Defendant Dale R. Klein did not file a response.

By Complaint filed February 29, 2008, Plaintiff initiated this adversary proceeding seeking a determination that Debtor's obligation, stemming from a divorce decree in the amount of $39,036.00 plus accrued interest, against Debtor in favor of Plaintiff, is nondischargeable pursuant to 11 U.S.C. § 523(a)(5) and (15). Debtor filed an Answer on March 13, 2008, denying the allegations. Debtor filed a motion for summary judgment on May 8, 2008. Plaintiff filed a response and the instant cross-motion. The Court granted in part and denied in part Debtor's motion for summary judgment on June 11, 2008. Specifically, this Court determined that Debtor established a right to summary judgment under section 523(a)(5) but did not establish a right to a judgment under section 523(a)(15). The Court did not address Plaintiff's cross-motion in order to allow Debtor thirty days to respond.

By the instant cross-motion for summary judgment, Plaintiff seeks a determination that Debtor's obligation, stemming from a state court judgment in the amount of $39,036.00 plus accrued interest against Debtor in favor of Plaintiff, is nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

## I. FACTUAL BACKGROUND

Plaintiff and Debtor were married on July 26, 1986. A state court entered Findings of Fact, Conclusions of Law and Order for Judgment and Judgment of Divorce in October 2006, ordering Debtor to pay Plaintiff $54,036.00 to equalize a disparity in the division of property between the parties. Specifically, the court ordered:

> Dale shall pay as a property settlement $15,000 to Patrice on or before October 5, 2006. Dale shall then pay the remaining property settlement amount in four equal installments beginning October 5, 2007 with an interest rate of 6% per annum on the balance.

The parties agree that Debtor made the first installment payment in the amount of $15,000 and that no payments were made thereafter.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr. P. 7056. Summary judgment is appropriate if, viewing all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Superpumper, Inc. v. Nerland Oil, Inc. (In re Nerland Oil, Inc.), 303 F.3d 911, 916 (8th Cir. 2002); Nelson v. Nelson, (In re Nelson), 255 B.R. 314, 316 (Bankr. D.N.D. 2000); see Fed. R. Civ. P. 56. Procedurally, the initial burden is on the moving party to establish the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Dennis v. Novotny (In re Novotny), 224 B.R. 917, 921 (Bankr. D.N.D. 1998). However,

2

summary judgment will not be granted in the moving party's favor "unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" Simundson v. United Coastal Ins. Co., 951 F. Supp. 165, 166-67 (D.N.D. 1997) (quotation omitted).

**B.  11 U.S.C § 523(a)(15)**

Plaintiff argues summary judgment is appropriate as a matter of law on the grounds that the debt owed to her is nondischargeable under section 523(a)(15) because the section excepts property settlement judgments from discharge.

Section 523(a)(15) provides for the nondischargeability of any debt:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. §523(a)(15). The effect of the amendment to section 523(a)(15) by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) is to render nondischargeable any divorce-related debt incurred in the course of a divorce proceeding, or under the terms of a separation or property settlement agreement. Burckhalter v. Burckhalter, (In re Burckhalter), 389 B.R. 185, 188 (Bankr. D. Colo. 2008). The amendment to section 523(a)(15) by BAPCPA eliminated the two affirmative defenses to a §523(a)(15) claim: the undue burden defense and the balancing test. Id.; see also Hisaw v. Hisaw (In re Poppleton), 382 B.R. 455, 457 (Bankr. D. Idaho 2008). As a result, all Plaintiff must establish is that the debt in question is to a spouse, former spouse or child of the debtor; is not a support obligation of the type described in § 523(a)(5); and that the obligation appears in a separation agreement, divorce decree or other order of a court of record. See In re Burckhalter, 389 B.R. at 188.

First, there is no dispute that Plaintiff is Debtor's former spouse. Second, in its Memorandum and Order dated June 11, 2008, this Court concluded that the debt is not a support obligation as described in Section 523(a)(5). Finally, Parties do not dispute that a state court entered Findings of Fact, Conclusions of Law and Order for Judgment and Judgment of Divorce, ordering Debtor to pay Plaintiff $54,036.00 to equalize a disparity in the division of property between the parties. Parties also agree that Debtor made one payment in the amount of $15,000.00. Based on the undisputed facts of this case, Debtor's obligation in the amount of $39,036.00 plus accrued interest, is nondischargeable pursuant to 11 U.S.C. § 523(a)(15).

Based on the foregoing, Plaintiff has established a right to summary judgment under section 523(a)(15). Plaintiff's cross-motion for summary judgment filed on June 9, 2008, is GRANTED.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

Dated this 1st day of August, 2008.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**